IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| **Leroy M. Smith,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 05-2149-JWL |
| | ) | |
| | ) | |
| **John E. Potter, Postmaster General,** | ) | |
| **United States Postal Service et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____) | | |

## MEMORANDUM AND ORDER

Plaintiff filed suit against defendant John E. Potter and various individual defendants alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. This matter is presently before the court on the individual defendants' (other than John E. Potter) motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 18) and John E. Potter's motion to dismiss certain claims for failure to exhaust administrative remedies (doc. 24). For the reasons set forth below, the individual defendants' motion is granted and plaintiff's complaint is dismissed against all defendants except for John E. Potter. John E. Potter's motion is granted in part and denied without prejudice in part.

Title VII makes it unlawful for an "employer" to "refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a)(1).  Similarly, the ADEA makes it unlawful for an "employer" to discriminate on the basis of age.  *See* 29 U.S.C. § 623(a).  Thus, the individual defendants are subject to liability under these statutes only if, at the time of the alleged discrimination, they meet the statutory definition of "employer," to wit: "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  *See Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 205 (1997) (quoting 42 U.S.C. § 2000e(b)); *see also* 29 U.S.C. § 630(b) (substantially the same definition under ADEA).

It is well settled in the Tenth Circuit that individuals are not "employers" for purposes of Title VII.  *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (Title VII liability is appropriately borne by employers, not individual supervisors).  Although it has not directly addressed the issue, the Circuit has clearly suggested that the same result necessarily would obtain under the ADEA.  *See Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).  Moreover, the Tenth Circuit has expressly held that in a Title VII case against the United States Postal Service, the only proper defendant is the head of the agency, the United States Postmaster General.  *See Brezovski v. United States Postal Service*, 905 F.2d 334, 335 (10th Cir. 1990) (citing 42 U.S.C. § 2000e-16(c)).

While plaintiff concedes that Tenth Circuit precedent mandates the dismissal of plaintiff's discrimination claims against all individual defendants in this case except John E. Potter, he contends that certain individual defendants should remain in the case as he has also alleged against

2

those defendants state law claims of assault based on K.S.A. § 21-3408 and stalking based on K.S.A. § 21-3438(a).  Plaintiff, however, cannot maintain a private cause of action for violations of the Kansas Criminal Code.  *See Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1128 (D. Kan. 2000) (dismissing state law claims based on violations of Kansas criminal statutes where plaintiff failed to show that legislature intended to provide a private cause of action); *Greenlee v. Board of County Commr's of Clay County*, 241 Kan. 802, 804 (1987) ("The generally recognized rule is that a statute which does not purport to establish a civil liability but merely makes provision to secure the safety or welfare of the public as an entity is not subject to construction establishing a civil liability."); *see also Smith v. Welch*, 265 Kan. 868, 875-76 (1998) (violations of the Kansas Criminal Code are statutory crimes and are separate and distinct from any civil rights or remedies authorized by law to be enforced in a civil action based on conduct which the Code makes punishable).  Plaintiff's complaint, then, properly asserts only federal discrimination claims and dismissal of the individual defendants is appropriate in light of the authorities above.

The court turns, then, to John E. Potter's motion to dismiss certain claims for failure to exhaust administrative remedies.  A federal employee who believes he is the victim of illegal employment discrimination may bring a claim in federal district court.  *See* 42 U.S.C. § 2000e-16(c); *Belhomme v. Widnall*, 127 F.3d 1214, 1216 (10th Cir. 1997).  As a prerequisite to suit, however, the employee "must file an administrative complaint concerning his allegations, and he may not bring his suit more than ninety days after receiving a final decision from either his employing agency or from the EEOC."  *Belhomme*, 127 F.3d at 1216.  Plaintiff filed two separate EEO complaints with the United States Postal Service concerning his employment.  In his first

EEO complaint, plaintiff complained that his supervisors, Bruce King and Patti Ashley, subjected plaintiff to "extreme disciplinary actions and harassment" on the basis of plaintiff's sex and race and in retaliation for plaintiff's engaging in protected activity.  Plaintiff also alleged that he was not given the opportunity for "higher level assignments" and that he had been "passed over" on numerous occasions.

The USPS's Final Agency Decision dismissed this complaint as untimely.  Plaintiff appealed the Final Agency Decision and, on March 9, 2004, the Office of Federal Operations upheld the USPS's decision and informed plaintiff of his right to file a civil action in federal court within 90 days from receipt of its decision.  *See* 42 U.S.C. § 2000e-16(c) (federal employee must file civil action within 90 days of receipt of notice of final action taken by agency).  Thus, plaintiff was required to file a complaint in federal court based on the allegations in his first EEO complaint no later than June 15, 2004.  Plaintiff, however, did not file his complaint in this case until April 2005, well after the 90-day deadline.  As such, the court lacks jurisdiction over the claims asserted in plaintiff's complaint that are based solely on plaintiff's first EEO complaint. *See id.* at 1217 (district court was barred from considering Title VII claims filed more than 90 days after the EEOC's final action).[1]  Defendant's motion, then, is granted in this respect.[2]

---

[1] However, to the extent any claims asserted in the first EEO complaint were timely asserted in plaintiff's second EEO complaint, those claims are not barred, as explained in the text below.

[2] The record also reflects that plaintiff's claims based on his first EEO complaint are procedurally barred by the 15-day time limit under 29 C.F.R. § 1614.106(b).  That is, plaintiff failed to file a timely formal charge within 15 days of receiving his Notice of Right to File an Individual Complaint.  *See Davis v. United States Postal Service*, 142 F.3d 1334, 1339-40 & n.4 (10th Cir. 1998).  Indeed, plaintiff's failure to file his formal complaint within 15 days of

4

Case 2:05-cv-02149-JWL   Document 35   Filed 11/18/05   Page 5 of 8

Plaintiff filed a second EEO complaint in January 2003. In this complaint, plaintiff complained that his supervisors, Bruce King and Randy Stalker, discriminated against plaintiff on the basis of his race and age and retaliated against him for engaging in protected activity. In the box marked "Date on which alleged act(s) of Discrimination Took Place," plaintiff wrote "10-31-2002." The form offered an opportunity to "[e]xplain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability." Plaintiff did not write anything in this space. Thus, the complaint itself is entirely devoid of any details whatsoever concerning the nature of the alleged race or age discrimination or the alleged retaliation.

In June 2003, the agency issued an Acceptance Letter notifying plaintiff that it had received his complaint and that it was commencing an investigation. According to the letter, the only issue that the agency was planning to investigate was a Letter of Warning that plaintiff received on October 31, 2002 for being absent from his work area.[3] The letter further advised plaintiff that if he disagreed with the defined issue or the scope of the investigation, he was required to file an objection within seven days of receipt of the letter. Plaintiff did not file any objections and the claim investigator apparently proceeded to treat the claim as one based only on the Letter of

receiving the notice formed the basis for the agency's dismissal of the complaint as untimely.

[3]During the pre-complaint counseling stage, plaintiff advised the agency that he had received a Letter of Warning on October 31, 2002 from Randy Stalker based on plaintiff's unauthorized absence from his work assignment area. Plaintiff further advised the agency that he was subjected to harassment and threats by his white male supervisors and that "the intent to intimidate" plaintiff "surrounds" him regardless of what unit he is working in.

Warning that plaintiff received on October 31, 2002.

Plaintiff then filed a pro se complaint in this court claiming that he was subjected to harassment and discrimination based on race, age, sex and retaliation. In his motion to dismiss, Mr. Potter asserts that plaintiff should be precluded from asserting any claims other than a claim based on his October 31, 2002 Letter of Warning–the only claim asserted by plaintiff in his EEO complaint and the only claim investigated by the agency. The court rejects this argument and denies the motion to this extent without prejudice. While the one-page formal complaint filed by plaintiff does not assert claims of harassment or any other claims aside from discrimination or retaliation that occurred on October 31, 2002, this court has previously held that, in assessing the scope of an EEO complaint, the court may consider statements made in a sworn affidavit filed in support of the charge. *See Reese v. Owens-Corning Fiberglas Corp.*, 31 F. Supp. 2d 908, 914 (D. Kan. 1998) (citing *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 502 (7th Cir. 1994)). The Tenth Circuit has not expressly addressed the issue, although it has held, albeit in an unpublished decision, that "[a]llegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations." *See Welsh v. City of Shawnee*, 1999 WL 345597, at *5 (10th Cir. June 1, 1999) (quoting *Cheek*, 31 F.3d at 502). The Circuit also recognized that a plaintiff should not be penalized for the EEOC's negligence in handling a claim. *Id.*

Plaintiff filed an affidavit in support of his formal complaint on July 21, 2003. The affidavit itself is not in the record before the court, but other documents in the record indicate that the affidavit contains detailed allegations sufficient to state a claim for harassment and other

claims now asserted by plaintiff in his complaint. The fact that plaintiff has apparently asserted these claims in his affidavit evinces an intent on the part of plaintiff that the agency investigate those claims.[4] In any event, without examining the contents of the affidavit, the court cannot conclude that the claims presently alleged were not raised at the agency level. Moreover, the agency's failure to investigate claims other than a claim based on the Letter of Warning does not bar other claims. The question is not what investigation actually occurred, but what investigation could reasonably be expected to grow from the original charge. *See MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) ("A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC."). Assuming plaintiff asserted harassment claims and other discrimination claims in his affidavit, then one would reasonably expect the agency to investigate those claims and plaintiff should not be penalized for its failure to do so. In sum, the court cannot conclude at this juncture and on the record before it that the claims asserted by plaintiff in his complaint are beyond the scope of an investigation that

---

[4]While defendant makes much of the fact that plaintiff failed to object to the June 2003 Acceptance Letter limiting the scope of the investigation, defendant directs the court to no authority suggesting that plaintiff's failure to object is somehow fatal to his claims or constitutes a waiver of any other claims brought before the agency. At the most, plaintiff's failure to object is simply one factor to consider in assessing whether plaintiff sufficiently preserved a claim in his EEO complaint. *See Ezell v. Potter*, 400 F.3d 1041, 1046-47 (7th Cir. 2005) (suggesting that plaintiff's failure to file objections to Acceptance Letter is just one factor in analyzing whether plaintiff preserved claim). In this case, plaintiff's failure to file formal objections is simply not significant in light of the fact that plaintiff filed an affidavit subsequent to his receipt of the Acceptance Letter in which he apparently sets forth detailed allegations concerning claims in addition to the single claim identified in the Acceptance Letter.

reasonably could have been expected to grow out of plaintiff's second EEO complaint.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the individual defendants' motion to dismiss (doc. #18) is granted and plaintiff's complaint against these individuals is dismissed with prejudice; John E. Potter's motion to dismiss certain claims for failure to exhaust administrative remedies (doc. 24) is granted in part and denied without prejudice in part.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
