# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| Leroy M. Smith, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-2149-JWL |
| | ) |
| John E. Potter, Postmaster General, | ) |
| United States Postal Service, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff filed suit against defendant John E. Potter alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. This matter is presently before the court on defendant's second motion to dismiss certain claims for failure to exhaust administrative remedies (doc. 38). As explained below, the motion is denied without prejudice and plaintiff is directed to file an amended complaint no later than Friday, March 3, 2006.

The court previously granted in part and denied without prejudice in part defendant's motion to dismiss certain claims for failure to exhaust administrative remedies. Specifically, the court granted the motion with respect to claims asserted by plaintiff arising from his first EEO complaint (a charge that was untimely) and denied without prejudice the motion to the extent defendant sought to limit plaintiff's complaint to the sole claim identified in his second EEO

complaint and the sole claim investigated by the agency, a claim of race discrimination, age discrimination and retaliation stemming from a Letter of Warning that plaintiff received on October 31, 2002 for being absent from his work area. The court denied the motion without prejudice because the record suggested that plaintiff may have asserted additional claims in an affidavit filed in support of his EEO complaint and, without having the affidavit itself in the record, the court could not conclude that the claims asserted by plaintiff in his complaint were not raised at the agency level. *See Smith v. Potter*, 2005 WL 3094628, at *2-3 (D. Kan. Nov. 18, 2005). Defendant, having now supplemented the record with plaintiff's EEO affidavit, now moves the court to dismiss all claims that were not presented in plaintiff's EEO affidavit and that are beyond the scope of an investigation that could reasonably be expected to grow out of plaintiff's EEO complaint.

The court cannot discern, however, exactly what claims defendant is attempting to have dismissed. Much of this difficulty stems from plaintiff's complaint. At the time he filed his complaint, plaintiff was proceeding pro se and it is difficult to ascertain from his pro se complaint the specific claims that he intends to assert. In that regard, in the space provided on the complaint form in which plaintiff is asked to describe his claim, he simply states "see enclosed attachments." He has attached more than 130 pages of documents purporting to relate to his employment. Since that time, however, counsel has been appointed to represent plaintiff. Thus, the court deems it appropriate to have counsel file an amended complaint that more clearly delineates the claims plaintiff intends to assert. In doing so, counsel for plaintiff is directed to the Tenth Circuit's opinion in *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003), in which the Circuit

explains that any claim involving a discrete employment action must have been the subject of a charge of discrimination at the administrative level.  The court highlights this decision because plaintiff has attached documents to his complaint referencing several employment actions that appear to have occurred after the filing of plaintiff's EEO complaint, including a July 8, 2004 Letter of Warning, a July 1, 2004 "Notice of Job Abolishment" and an incident in August 2004 when he was reprimanded after refusing to perform maintenance on a machine.  To the extent plaintiff intends to assert a hostile work environment claim, plaintiff's counsel is directed to the Tenth Circuit's decision in *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1308 (10th Cir. 2005), for guidance.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's second motion to dismiss certain claims for failure to exhaust administrative remedies (doc. 38) is denied without prejudice and plaintiff is directed to file an amended complaint no later than March 3, 2006.  At that time, defendant may, if appropriate, file another motion to dismiss.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2006, at Kansas City, Kansas.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge