GLR/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LEROY M. SMITH,

                Plaintiff,

v.

JOHN E. POTTER,
Postmaster General of the United
States Postal Service,

                Defendant.

CIVIL ACTION

No: 05-2149-JWL/GLR

## **ORDER**

This matter comes before the Court on Defendant's Motion for An Order Compelling Plaintiff to Submit to a Mental Examination Pursuant to Fed. R. Civ. P. 35(a) (doc. 55). Plaintiff opposes the motion, contending that the purpose of the examination is one of harassment and that the length of the examination is burdensome.

Federal Rule of Civil Procedure 35(a) dictates when the court may order a party to submit to the physical or mental examination. It provides that:

> When the mental or physical condition . . . of a party . . . , is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person . . . by whom it is to be made.[1]

---

[1] Fed. R. Civ. P. 35(a).

In order to obtain the court's permission to conduct a mental examination of plaintiff, a defendant must demonstrate that plaintiff's mental condition is "in controversy" and that "good cause" exists to conduct the requested examination.[2]  Significantly, the "in controversy" and "good cause" requirements of Rule 35 are not met by mere conclusory allegations of the pleadings, nor by mere relevance to the case, but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.[3]  This court has previously indicated that it believes that Rule 35 is consciously designed to be somewhat restrictive to guard against the use of requests for mental examinations as a tool for harassment, intimidation, or delay in what courts have described as the "garden variety" cases.[4]

Defendant asserts that Plaintiff has placed his mental condition in controversy by his Amended Complaint allegation that "[a]s a consequence of the aforesaid unlawful discriminatory and retaliatory acts, the Plaintiff has suffered physical and emotional effects that have rendered him disabled and thus unable to continue to perform the duties of his employment."  Defendant further contends that Plaintiff's claim of injury goes beyond the

---

[2] Fed. R. Civ.P . 35(a); *Schlagenhauf v. Holder,* 379 U.S. 104, 118-19 (1964) ("Rule 35 . . . requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination . . . has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause'. . . .").

[3] *Schlagenhauf*, 379 U.S. at 118.

[4] *Greenhorn v. Marriott Intern'l, Inc.*, 216 F.R.D. 649, 651 (D. Kan. 2003); *Thiessen v. Gen. Elec. Capital Corp.*, 178 F.R.D. 568, 570 (D. Kan.1998).

mere "garden variety" claim for emotional distress. It states that Plaintiff has submitted reports by his treating physicians who opine that his angiodema (welts or hives) and urticaria (swelling of parts of the body) were brought on by anxiety and emotional stress that occurred at this work place. It further argues that Plaintiff has provided another expert report from a psychologist who also opines that he was diagnosed with Post Traumatic Stress Disorder associated with, among other things, the alleged harassment at his work place.

The Court finds that Defendant has demonstrated that Plaintiff's mental condition is "in controversy" and that "good cause" exists to conduct the requested examination pursuant to Fed. R. Civ. P . 35(a). Plaintiff has gone beyond the usual "garden variety" of claim of emotional distress incidental to physical injury. In addition to asserting a claim of Post Traumatic Stress Disorder, arising out of allegedly extensive harassment at the workplace, Plaintiff has produced the supporting report of a psychologist.

Plaintiff's response to the motion does not deny the nature of his claim, as described by Defendant. He simply asserts a collateral argument, i.e. that the purpose of the proposed mental examination is harassment, rather than to determine the nature and extent of his claim. The Court finds nothing of fact, however, to support the naked conclusion that Defendant is motivated by harassment in seeking the examination.

The Court finds that Defendant has shown that Plaintiff has asserted a claim for emotional injury beyond the mere "garden variety" of emotional distress incidental to most traumatic events. It has also shown good cause for the requested mental examination.

3

IT IS THEREFORE ORDERED that Defendant's Motion for An Order Compelling Plaintiff to Submit to a Mental Examination Pursuant to Fed. R. Civ. P. 35(a) (doc. 55) is sustained. Counsel for the parties shall confer so as to schedule Plaintiff's examination by interview and psychological testing in an office environment on or before May 15, 2006, or at any other date to which the parties may agree, by Dr. Daniel Claiborn, Ph.D. at 10801 W. 87th Street, Overland Park, Kansas, the examination to be a general psychological testing, based upon the available medical records and the complaints of Plaintiff.

Dated this 2nd day of May 2006, at Kansas City, Kansas.

                                        s/ Gerald L. Rushfelt
                                        Gerald L. Rushfelt
                                        U.S. Magistrate Judge

cc:    All counsel