IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Leroy M. Smith,<br><br>Plaintiff,<br><br>v.<br><br>John E. Potter, Postmaster General,<br>United States Postal Service,<br><br>Defendant. | Case No. 05-2149-JWL |

## MEMORANDUM AND ORDER

Plaintiff filed suit against defendant John E. Potter alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Defendant previously filed a motion for summary judgment which the court granted in large part and denied only with respect to plaintiff's claim that his age was a factor in defendant's decision to issue a Letter of Warning to plaintiff. With respect to that claim, the court permitted defendant the opportunity to file a subsequent motion for summary judgment. Defendant has now filed its motion (doc. 91) and the motion is ripe for the court's resolution. As will be explained, the motion is granted.

**I.    Facts**

Only the following facts are pertinent to plaintiff's remaining claim in this case and these facts are either uncontroverted or related in the light most favorable to plaintiff, the nonmoving party. Plaintiff is a 55-year-old male who worked at the Kansas City, Kansas Bulk Mail Center of the United States Postal Service from October 1992 through August 2004.

On October 8, 2002, plaintiff was absent from his assigned work area for approximately 30 minutes without authorization. Thereafter, Mark Devine, one of plaintiff's supervisors, instructed plaintiff to stay in his assigned work area and to notify a supervisor if he needed to leave his area. Mr. Devine advised Randy Stalker, plaintiff's direct supervisor since late September 2002, that plaintiff had been absent from his work area without authorization and that Mr. Devine had cautioned plaintiff that he needed to obtain permission to leave his assigned work area in the future. On October 22, 2002, another supervisor, Dale Prochaska, advised Mr. Stalker that plaintiff had again left his assigned work area without permission for more than 30 minutes. As a result, Mr. Stalker, on October 30, 2002, issued a Letter of Warning to plaintiff based on plaintiff's unauthorized absence from his work area on October 22, 2002 after he had been instructed to seek permission before leaving the unit. Bruce King, the Manager of Distribution Operations at the Bulk Mailing Center, signed the Letter of Warning as the reviewing authority. Plaintiff does not dispute that he was absent from his work area on October 8, 2002 and October 22, 2002 nor does he dispute that he did not seek permission to leave the unit on these days. Plaintiff, however, contends that he was not absent for 30 minutes, but only for 15 minutes or so.

In August 2004, plaintiff left work for medical reasons. Although plaintiff initially

2

planned to return to work when he was released to do so by his doctor, he ultimately decided to apply for disability retirement benefits. His application was approved and plaintiff, after August 2004, did not return to work.

**II.      Summary Judgment Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Lifewise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004). An issue is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant. *Id.* (citing Fed. R. Civ. P. 56(e)). To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1); *see also Kaster v. Safeco Ins. Co. of Am.*, 2003 WL 22854633, at *2 (10th Cir. Dec. 3, 2003) (affirming the district court's grant of summary judgment in favor of defendant in an ADEA case where the plaintiff had failed to present evidence sufficient for a reasonable jury to conclude that Safeco's employment decisions were age-related); *Young v. White*, 2003 WL 21940941, at *1-2 (10th Cir. Aug. 14, 2003) (affirming district court's grant of summary judgment in favor of defendant in race discrimination and retaliation context).

## III.  Discussion

Plaintiff asserts that defendant discriminated against him on the basis of his age when plaintiff's supervisors issued him a Letter of Warning on October 30, 2002. As plaintiff has no direct evidence of discrimination, his claim is analyzed using the burden-shifting framework set

forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Pippin v. Burlington Resources Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006). Under the *McDonnell Douglas* framework, plaintiff has the initial burden of establishing a prima facie case of discrimination. *See id.* If he establishes a prima facie case, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for taking the adverse employment decision. *See id.* at 1193. If defendant offers a legitimate, nondiscriminatory reason for his actions, summary judgment against plaintiff is warranted unless he shows that there is a genuine issue of fact as to whether defendant's reason is pretextual. *See id.*

Defendant moves for summary judgment on plaintiff's claim, contending that plaintiff cannot establish a prima facie case of age discrimination and, in any event, that plaintiff cannot show that defendant's legitimate, nondiscriminatory reason for issuing the Letter of Warning is pretextual. As explained below, the court concludes that plaintiff has not shown the existence of genuine issues of material fact with respect to his prima facie case of age discrimination. The court, then, grants defendant's motion for summary judgment without reaching the issue of whether plaintiff has shown a genuine issue of material fact as to whether defendant's proffered reason is pretextual.[1]

To establish a prima facie case of age discrimination, plaintiff must show that the Letter of Warning rises to the level of an "adverse employment action." *See Sanchez v. Denver Public*

---

[1] The court, then, also declines to address defendant's arguments concerning plaintiff's claim for damages and his demand for a jury trial.

5

*Schs.*, 164 F.3d 527, 531 (10th Cir. 1998). According to defendant, plaintiff cannot make this showing because he did not suffer any "economic damage" such as a suspension or loss of pay resulting from the Letter of Warning. Defendant's contention, however, that a showing of economic damage is a "prerequisite" to establishing an adverse employment action is simply not accurate. Rather, the Tenth Circuit "liberally" defines the phrase "adverse employment action" and has expressly held that such actions are not limited to monetary losses in the form of wages or benefits. *See Hillig v. Rumsfeld*, 381 F.3d 1028, 1031 (10th Cir. 2004) (quoting *Sanchez*, 164 F.3d at 531). Instead, the Circuit takes a "case-by-case approach, examining the unique factors relevant to the situation at hand." *Id.* (quoting *Sanchez*, 164 F.3d at 531). The phrase "adverse employment action" may include acts that carry "a significant risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects;" however, "a mere inconvenience or an alteration of job responsibilities will not suffice." *Annett v. University of Kansas*, 371 F.3d 1233, 1239 (10th Cir. 2004).

In the specific context of whether a written disciplinary warning rises to the level of an adverse employment action, the Tenth Circuit has focused on whether the warning "effects a significant change in the plaintiff's employment status." *Haynes v. Level 3 Communications*, LLC, 456 F.3d 1215, 1224-25 (10th Cir.2006); *accord Medina v. Income Support Div., State of New Mexico*, 413 F.3d 1131, 1137 (10th Cir. 2005) (written reprimand will constitute an adverse employment action only if it adversely affects the terms and conditions of the plaintiff's employment). For example, in *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1104 (10th Cir. 1998), "the defendant had peppered plaintiff's file with 'twenty warning letters,' and the

6

record demonstrated 'that the more warnings an employee received, the more likely he or she was to be terminated for a further infraction.'" *Id.* (quoting *Roberts*, 149 F.3d at 1104). In addition to the twenty warning letters, the plaintiff in *Roberts* had received two suspensions and was terminated, all within two years of making a discrimination complaint. *Roberts*, 149 F.3d at 1104. Thus, "the effect on the plaintiff's employment status was an immediate placement in an at-risk status." *Haynes*, 456 F.3d at 1224-25; *see also Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 329 (10th Cir. 1996) (disciplinary write-up constituted adverse employment action where write-up ultimately culminated in the plaintiff's termination).

In contrast, the Circuit in *Haynes* concluded that the plaintiff's placement on a performance improvement plan was not an adverse employment action because the placement had no "immediate effect" on the plaintiff's employment status; the plaintiff was not demoted, her pay did not change and her responsibilities were not significantly modified. Instead, she was "presented with clear goals to achieve her continued employment." *Id.* at 1225. Similarly, in *Medina v. Income Support Division, State of New Mexico*, 413 F.3d 1131, 1137 (10th Cir. 2005), the Circuit concluded that a warning letter did not constitute an adverse employment action because the letter did not adversely affect the terms and conditions of the plaintiff's employment by, for example, affecting the likelihood that the plaintiff would be terminated, undermining the plaintiff's current position or affecting the plaintiff's future employment opportunities.

The court turns back, then, to the particular Letter of Warning issued to plaintiff in this case. While the Letter expressly cautions plaintiff that "future deficiencies will result in more

severe disciplinary action being taken against you" and that such action "may include suspensions or removal from the Postal Service," it is undisputed that plaintiff was never demoted, suspended or terminated as a result of the Letter of Warning. In fact, plaintiff remained employed with defendant for nearly two years after receiving the Letter of Warning and ultimately left the Postal Service only when he opted to take disability retirement. These facts weigh strongly against a finding that the Letter of Warning constitutes an adverse employment action. *See Tapia v. City of Albuquerque*, 2006 WL 308267, at *4 (10th Cir. Feb. 10, 2006) (letter of instruction did not constitute adverse employment action; plaintiff continued to work for defendant after receipt of letter and "unrealized threat" that plaintiff could be disciplined for future infractions not enough to make letter itself adverse action); *Rennard v. Woodworker's Supply, Inc.*, 2004 WL 1260309, at *10 (10th Cir. June 9, 2004) (affirming grant of summary judgment on retaliation claim based on written reprimand despite the fact that reprimand expressly stated that future infractions could result in termination; it was undisputed that defendant took no further action against plaintiff with respect to the reprimand and plaintiff showed no "immediate or practical effect on her job status"); *accord Young v. White*, 200 F. Supp. 2d 1259, 1274 (D. Kan. 2002) (written reprimand did not constitute adverse employment action in the absence of evidence that reprimand had any negative effect on plaintiff's employment; plaintiff remained employed by defendant three years after reprimand), *aff'd*, 2003 WL 21940941 (10th Cir. Aug.14, 2003).

Plaintiff, however, urges that the Letter of Warning rises to the level of an adverse employment action because "it unfairly cast him as a disciplinary problem which . . . placed him

8

under more severe scrutiny and caused him to be bypassed for better paying assignments for which he was qualified." The problem with plaintiff's argument, however, is that plaintiff has come forward with no evidence to support it. He directs the court to no evidence, for example, concerning whether any of the supervisors who allegedly passed him over for better assignments had any knowledge of the Letter of Warning or whether any of the supervisors involved in issuing the Letter of Warning later passed plaintiff over for better assignments and considered the Letter of Warning in doing so. In other words, plaintiff has not linked the Letter of Warning in any way to any subsequent missed opportunities with the Postal Service. In the absence, then, of any evidence that the Letter of Warning caused any significant change in plaintiff's employment status, *see Haynes*, 456 F.3d at 1224-25, the court cannot conclude that the Letter of Warning constitutes an adverse employment action. Plaintiff, then, has failed to raise a genuine issue of material fact with respect to his prima facie case of age discrimination and summary judgment in favor of defendant is warranted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc. 91) is **granted** with respect to plaintiff's claim that his age was a factor in defendant's decision to issue the Letter of Warning.

**IT IS SO ORDERED.**

Dated this 26th day of January, 2007, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
